*329 The opinion of tbe Court was delivered by
.Wardlaw, J.
This Court is satisfied with the finding that the defendant’s testator had notice of the acceptance of his guaranty. See former opinion in this case, 9 Eieh. 335.
The matters contained in the sixth and seventh grounds of appeal were brought out on the trial, although, under the pressure of circumstances which limited time on the Circuit, they were not urged in argument, there. They are now properly before this Court, and have been considered.
As a promissory note does not extinguish an open account, unless it has been paid or accepted in payment, the fact, that the plaintiffs took from Baker his note for each parcel of goods delivered, shows no waiver of their right to resort to the guarantor. The circumstance, that in the bills of parcels, Baker is styled “ agent,” is equivocal and indecisive. It appears by the notes that credit in each instance was given for only six months, and this is more important. The guaranty speaks of “ longer time, say nine months or a year.” It does not appear what was the credit that had been previously extended to Baker, and a buffer credit was probably given when six months were allowed. One who would avail himself of a guaranty must comply strictly with its conditions, but that which is urged as a condition must appear by fair construction to have been intended to modify the obligation. In this guaranty the specification of "nine months or a year,” under the general expression of “lohger time,” seems too loose to raise a condition that the credit should be at least nine months; and the whole may be fairly construed to be mere inducement. Because Baker had made communication to Maner of what Smith had held out, therefore Maner was willing to give his “ letter of credit.” The extent of advantage which Baker should derive from the letter, was left to negotiation between him and the plaintiffs.
Upon the question which has been mainly argued, this Court looking to all the terms of the guaranty and the cir *330 cumstances wbicb surrounded tbe parties, is of opinion that tbe guaranty was limited to tbe amount of one thousand dollars, but was continuing until that amount of goods was received by Baker on credit; that it was not confined to tbe first parcel or first transaction, nor extended to tbe whole course of dealings, so as to cover a final balance of one thousand dollars or less.
Tbe many cases wbicb have been cited, stand each upon its own words and circumstances. In this case, a philological analysis would not carry conviction of tbe correctness of tbe conclusion we have attained, if a careful reading of tbe guaranty and remembrance of tbe various relations of tbe parties stated in tbe report, should fail to establish such conviction.
‘'Letter of credit” and the nature of tbe dealings between a shopkeeper and a jobber, are strong- to show that more than a single transaction was contemplated: tbe absence of time to time, any, and other like terms wbicb ordinarily are used to embrace all future dealings-, shows that tbe specified amount was intended to limit tbe whole responsibility wbicb from beginning to end tbe guarantor would assume.
It follows that from tbe one thousand dollars, should have been deducted tbe payments made by Baker of five hundred and four dollars and eight cents, to wbicb tbe guaranty bad attached, so as to leave a balance of four hundred and ninety-five dollars and ninety-two cents, yet covered by it. Upon that balance, interest from tbe expiration of tbe credit given, or from tbe demand made upon tbe guarantor’s executors, has been claimed by tbe plaintiffs, and with much apparent justice. But according to our case of Bishop vs. Ross, Rice, 21, no interest can be recovered. Tbe guarantor’s liability arose from Baker’s default to pay for goods sold to him; tbe guaranty was not of notes, but of an account; it is in writing and therefore binding, but tbe writing does not affect tbe character of tbe debt it was intended to secure; as interest *331 could not be recovered on an account for goods sold, so it cannot be recovered on a guaranty of sucb an account. This view was taken in Bishop vs. Ross, and we will not now examine its propriety.
It is therefore ordered that a new trial be granted, unless the plaintiffs enter a remitter for all that has been found for them by the verdict, beyond four hundred and ninety-five dollars and ninety-two cents.
O’Neall, Withers, Whither and Muhro, JJ., concurred.
New trial, nisi.